UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, a/k/a<br>BEYONCE G. KNOWLES,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC NETWORK, *et al.*,<br><br>    Defendants. | Cause No. 2:23-CV-257-PPS-JPK |

**ORDER**

LaSandra Norman, proceeding *pro se*, filed a civil complaint, a motion for leave to proceed in forma pauperis, and a motion styled as a "Motion for an Emergency Gag Order Due to this Civil Action." [DE 1; DE 2; DE 3.] Because Norman is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, Norman, who goes by the name "Beyonce 'G' Knowles," is suing (1) ABC Network and its local affiliates (ABC7) in the Chicagoland area; (2) Val Warner, a host for ABC7 Chicago; and (3) Soldier Field. The claims are for defamation, fraud,

copyright infringement, "pain and suffering," and a declaratory judgment that ABC is barred from "reporting anything about Beyonce or her where abouts [*sic*], new music ect. [*sic*]." [DE 1 at 3.] Norman claims that ABC reported that "Beyonce 'G' Knowles" was performing at Soldier Field in Chicago on July 22 and 23. Evidently, Norman appears to believe that ABC Network conspired to tell the public that *she* was performing at Soldier Field, as opposed to Beyoncé Giselle Knowles-Carter, a prolific American singer and songwriter who performed in Chicago earlier this month as part of her "Renaissance World Tour."[1]

    There are several problems with the complaint. Initially, Norman claims the Defendants, who she refers to collectively as "evil doers," had "an impersonator playing . . . and singing [her] music on stage" – music she claims is protected by "legal copyrights." *Id.* But even if that is the case, the complaint before me fails to include any specific allegations that raise a plausible inference that ABC Network, its local television affiliates, Soldier Field, or Warner did anything to harm Plaintiff. Norman alleges that "[t]ickets were sold" and "money was made" from this "fake event" – but it is far from clear who sold the tickets or made the money, let alone what role ABC had in the process (if any). *Id.* Norman asserts that ABC must provide evidence that identifies "exactly who they paid to infringe on [her] copyrights," and "how much money was made in ticket sales." But she falls far short of specifically articulating any conduct by ABC that could

---

[1] *See* Jenna Smith, *Everything you need to know before Beyonce's 'Renaissance' tour hits Soldier Field*, Chicago Tribune (Jul. 21, 2023), https://www.chicagotribune.com/news/breaking/ct-beyonce-concert-guide-to-chicago-renaissance-20230721-uwyklatuqfdp3pakaaesusbqv4-story.html.

be construed as fraudulent, defamatory, or infringing upon her allegedly copyrighted works. *Id.* The complaint makes no mention of Val Warner or how Warner allegedly harmed Norman. And her sole claim concerning "Soldier Field" is that the performance ABC allegedly reported on was to be held at the stadium. In short, the only entity alleged to have done anything to Plaintiff is ABC (in its news report); and it is unclear who, if anybody named in the complaint, "infringed" on any of Plaintiff's protected works.

Beyond the threadbare factual allegations that fail to plausibly link Defendants to any allegedly defamatory, fraudulent, or infringing acts harming Plaintiff, the alleged conduct at the heart of Norman's complaint—that ABC Network "announced to the viewing public" that she was to perform at Soldier Field, and Defendants conspired to have the real Beyoncé perform in her place—strike me as facially implausible and frankly delusional. The gravamen of Norman's claims is that ABC was reporting about Plaintiff, not the artist who ultimately performed at Soldier Field last weekend. But to state a claim sounding in fraud, defamation, or copyright infringement against ABC, it is not enough for Norman to allege that ABC reported that *a* "Beyonce 'G' Knowles was to be in concert," and make a conclusory allegation that *she* was *the* "Beyonce 'G' Knowles" ABC was reporting about.

Under Rule 8(a)(2), Norman is required to provide a short and plain statement that plausibly demonstrates she is entitled to relief from Defendants. That requires more than a conclusory allegation that ABC Network made a report that *Plaintiff*, as opposed

3

to one of the most famous popular music artists of the century, was performing at Soldier Field. It requires predicate facts that plainly make out that ABC was reporting about Plaintiff, as opposed to any other "Beyonce 'G' Knowles," in an attempt to mislead the public or defame Plaintiff.

For the reasons explained above, the complaint before me has not properly stated a claim upon which relief can be granted. In the ordinary course, I would grant leave to amend the complaint. The Seventh Circuit has explained that dismissing an action under 28 U.S.C. § 1915(e)(2) "without leave to amend" may raise "serious questions about fair access to the courts," because "an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013); *accord Frey v. EPA*, 270 F.3d 1129, 1131–32 (7th Cir. 2001) (in case where plaintiffs paid the filing fee: "We have warned that *sua sponte* dismissals without prior notice or opportunity to be heard are hazardous and that unless the defect is clearly incurable a district court should grant the plaintiff leave to amend[.]") (internal quotations omitted).

This matter is a different kettle of fish. Ms. Norman has repeatedly filed cases in federal district court predicated on the false notion that she is the singer and actor Beyoncé Giselle Knowles-Carter. *Norman v. Black Entm't Television LLC*, No. 2:16-CV-113-RLM-PRC (N.D. Ind. Dec. 5, 2016); *Norman v. Tennessee*, No. 1:07-CV-1153-JDT-STA (W.D. Tenn. Sept. 10, 2007); *Norman v. Cater*, No. 1:08-CV-1160-JDB-EGB (W.D. Tenn.

July 8, 2008). In 2016, Judge Miller dismissed virtually identical claims brought against BET Television. The Seventh Circuit took up Norman's claims on appeal, which it characterized as "frivolous" and "wholly without merit," and "caution[ed] Norman . . . that further suits like this one may lead to sanctions." *Norman v. Black Entm't Television LLC*, 696 F. App'x 754, 755 (7th Cir. 2017). The court affirmed dismissal of Norman's case, with costs, but ordered no further sanction. *Id.*

Norman has failed to heed this warning. Because she has requested to proceed in forma pauperis, I am authorized to dismiss her case without requiring the defendants to appear and contest the complaint. In view of the Seventh Circuit's clear instruction to Norman that filing meritless claims of this variety may warrant sanctions, she should consider herself fortunate that I am authorized to independently evaluate her allegations before defendants are forced to appear and defend the action. As it stands, her case will be dismissed, and the dismissal will be with prejudice. No further sanction is necessary. Had she not sought IFP status, this could have been a different story – in all likelihood, the case would still be dismissed because it is objectively meritless, but Norman would also have to pay defendants' legal bills. The Court again cautions Norman that pursing meritless litigation based on the false belief that she is, in fact, the artist Beyoncé Giselle Knowles-Carter and/or holds copyrights to works created and performed by Beyoncé Giselle Knowles-Carter may warrant the imposition of sanctions in future cases.

**ACCORDINGLY:**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff LaSandra Norman's complaint [DE 1] is **DISMISSED WITH PREJUDICE**, for failure to state a claim on which relief may be granted. Norman's motion to proceed in forma pauperis [DE 2] and for an emergency gag order [DE 3] are **DENIED AS MOOT**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**.

ENTERED: August 14, 2023.

                                                /s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT